OPINION
On April 28, 1998, Franklin County Children Services ("FCCS") filed an action in dependency and neglect in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. FCCS sought formal custody of George Jessie, then age four months, who was already residing in a foster home.
The Franklin County Public Defender was appointed to serve as guardian ad litem of the child. Attorneys were appointed to represent the child's mother, Karen Block, and the child's father, also named George Jessie. Temporary custody was granted to FCCS.
In June of 1998, the parties agreed that the child could be formally adjudicated a dependent child. The parties also agreed to a reunification plan.
FCCS did not perceive improvement in the conditions which led to the child George Jessie being placed outside the home. The child continued in the temporary custody of FCCS until April 6, 2000, when FCCS filed a motion for permanent custody.
On September 25, 2000, a hearing was held on the motion. The trial court found that permanent custody should be granted so the child could be considered for adoption. The entry journalizing the trial court's finding was filed October 23, 2000.
Karen Block, the child's mother, has pursued a direct appeal, assigning a single error for our consideration:
 The trial court erred when it sustained FCCS's motion for a permanent custody commitment against the Manifest weight of the evidence and contra to R.C. 2151.414 et al.
The father of the child has been sentenced to prison and has been unable to take an active role in caring for his son. He was incarcerated on the date of trial.
Karen Block suffered from a serious substance abuse problem. She has made efforts at times to free herself from the problem, with only minimal success. She has repeatedly spent money on a drug or drugs of abuse which should have been spent on necessities, such as rent and food. Efforts to return four siblings to the mother's care have thus far proved unsuccessful.
The child George Jessie has not lived with his mother in over three years. Naturally, he has bonded instead with the foster family who has cared for him during that time. The record before us leads to only one conclusion as to what is in the child's best interests, namely adoption by the family who has cared for him almost his whole life.
The trial court did not err either in its findings as to the facts or in its conclusions as to the law. Permanent custody needed to be granted and was granted.
The sole assignment of error is overruled. The judgment of the trial court is affirmed.
DESHLER and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.